*Municipal Court of the*
*City of Boston*
No. T-13384

## DAVID LURIE, ET AL.

### v.

## AMERICAN FIDELITY COMPANY

*Present:* Adlow, C. J., Gillen, Canavan, J. J.
Argued: Jan. 13, 1967.    Decided: Feb. 17, 1967

Case tried to *Glynn, J.* in the Municipal Court of the City of Boston.

*Adlow, C. J.*   Action of contract to recover costs and counsel fees for defending two actions for negligence brought against the plaintiffs as a result of a motor vehicle accident which occurred on December 7, 1960. At issue in the cause is whether a policy of insurance issued to the plaintiffs by the defendant was in effect on the date of the accident. The defendant relies on a cancellation of the policy prior to the date of the accident.

*There was evidence that,* subsequent to the accident on December 7, 1960, the plaintiffs engaged one Arnold Felton, an attorney, to represent them in the prosecution of their injury claims and to defend them in the claim brought against them. It appears that the attorney secured a settlement of the claims brought by the plaintiffs, and, after the defendant insurer disclaimed liability under their policy, said attorney represented David Lurie in the claim brought against said Lurie. There were two trials in the action against Lurie. The second trial which was heard in a jury-waived session, resulted in a finding in favor of Lurie. Subsequently, the attorney submitted a bill to

Lurie in the amount of $2500, which he agreed to pay.

*There was evidence that* on August 4, 1960, the American Fidelity Company issued a Massachusetts Motor Vehicle Policy, No. MA-051822 providing statutory coverage with limits of $5,000 per person and $10,000 per accident to Marilyn Lurie; that notice of an accident on December 7, 1960 was received from the insured on December 13, 1960. The files of the insurer contained a notice of cancellation of the policy on November 14, 1960. This notice was dated November 8, 1960 and was to be effective December 5, 1960. It was sent to the insurer by the Dowling Acceptance Corp., 6 Pleasant Street, Malden, Mass., a finance company, acting under a power of attorney.

The cancellation contained the following statement:

> "Effective date of cancellation December 5, 1960 at 12:01 A.M."

> "Acting in behalf of the assured under an express and irrevocable Power of Attorney to cancel this policy, given to the undersigned attorney by the assured named above, which document we have on file for your inspection, and in accordance with the provisions of Section 113A of Chapter 175 of the General Laws, as amended, notice is given that Massachusetts Motor Vehicle Liability policy issued by the American Fidelity Co. is cancelled as of 12:01 on

the effective date indicated above.''

The notice was signed:

Dowling Acceptance Corp.

By S. Segal.

Attached to the notice of cancellation was a statement on the stationery of the Dowling Acceptance Corp. which stated:

"Under the provisions of Chapter 630 of the Acts of 1960, the following statement is submitted:

"I/we certify, under penalties of perjury, that I/we did give notice of my/our intent to exercise the power of attorney to cancel this policy to the above named assured by registered or certified mail, return receipt requested, at least ten days before the date hereon."

"Dowling Acceptance Corp.

By S. Segal"

Attached to the copy of the notice of cancellation in the insurer's files was a notation that a return premium of $4.73 was credited to the agent's account.

John McDonough, who testified that in 1960 he was the office manager of the Dowling Acceptance Corp., identified the notices received by the insurer as having been used by said corporation and signed by a person in the employ of said corporation. He also testified that the procedure of the Dowling Acceptance Corp., in collection of payments on the financed premiums was that on five (5) working days after

the date such payment was due, a first notice of an overdue payment was sent to the insured. Five (5) days later a second notice of overdue payment was sent, and upon the expiration of ten (10) working days a cancellation notice was sent to be effective twenty days from issuance. The notice of cancellation was in seven parts: one copy (white) was sent to the Registry of Motor Vehicles, one copy (pink) was sent to the insured, three copies (green, yellow and dark yellow) were sent to the insurance company, one copy was retained by the finance company, and the seventh copy was sent to the insurance agent.

The plaintiff, Marilyn Lurie, testified that she didn't remember receiving any notice of cancellation.

On these facts the court found for the plaintiff:

> "It is unnecessary to consider the many requests for ruling filed by the defendant. It is sufficient for our purposes to note that in disposing of these requests the court found as a fact that 'there was an invalid cancellation by the Dowling Acceptance Corporation.' The court further stated that the cancellation was invalid because the defendant failed to show any ten day notice to the plaintiffs as required by G.L. c. 90, §34K."

Whether or not the cancellation was invalid is immaterial to the issue raised by this re-

port. We must constantly keep in mind that it was not disputed that the Dowling Acceptance Corp. had financed the premiums on the policy issued to the plaintiffs and had received from the plaintiffs an irrevocable power of attorney to cancel said policy. How this power of attorney to cancel could be exercised was prescribed by the provisions of G.L. c. 175, §113A, and compliance with the provisions of this particular law is the concern only of the Dowling Acceptance Corp. The court found as a fact that there was an invalid cancellation by the Dowling Acceptance Corp. Whether he found it invalid because it was not sent or because of some error in the notice does not appear. The court also stated that the cancellation was invalid because the defendant failed to show any ten day notice to the plaintiff as required by G.L. c. 90, §34K. This finding was unwarranted by the evidence or by the law.

The law is quite clear and explicit on this particular matter. It provides:

> "Notice to the insurance company of the cancellation of such a policy by a person or corporation exercising the power of attorney shall be accompanied by a statement of compliance with this section, and the insurance company may rely on such statement."

G.L. c. 90, §34K.

This language is clear and unequivocal. The statute puts no burden on the insurer to give

a ten day notice. By implication it recognized the responsibility for providing notice in accordance with G.L. c. 175, §113A, as resting on the person or corporation which held the power of attorney to cancel the policy. The obvious purpose of G.L. c. 90, §34K, was to relieve the insurance company of any responsibility with respect to the details involved in the legal exercise of the power of cancellation. When the insurance company received a notice of cancellation accompanied by a certificate of compliance, the statute assured them that "they might rely on such statement". In cancelling the policy the insurer did not act at its peril, and it was error for the court to go behind the notice. To hold otherwise would serve to nullify the provisions of G.L. c. 90, §34K.

The evidence did not warrant a finding for the plaintiff.

*Finding for the plaintiff vacated.*

*Finding to be entered for defendant.*

FRED W. HILLMAN

of Boston for the plaintiff

ALAN MILLER

of Boston for the defendant